**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

· 2011 DEC -6   A 10: 44

CLERK'S OFFICE
AT BALTIMORE

---

*Rod J. Rosenstein*
*United States Attorney*

*Clinton J. Fuchs*
*Assistant United States Attorney*

*36 South Charles Street*
*Fourth Floor*
*Baltimore, Maryland 21201*

DIRECT: 410-209-4893
BY     MAIN: 410-209-4800
         FAX: 410-962-0717
Clinton.Fuchs@usdoj.gov

September 26, 2011

Thomas J. Saunders, Esq.
Law Office of Thomas J Saunders
3600 Clipper Mill Rd., Suite 201
Baltimore, MD 21211

Re:   Plea Agreement in the Case of
      *United States v. Jermaine Lawson*
      Criminal No. WMN 11-337

Dear Mr. Saunders:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by **October 14, 2011**, it will be deemed withdrawn. The terms of the agreement are as follows:

<u>Offenses of Conviction</u>

1.      The Defendant agrees to plead guilty to Counts One and Two of the Indictment now pending against him, to wit, Conspiracy to Interfere with Interstate Commerce by Robbery, in violation of 18 U.S.C. § 1951 and Possession of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c). The Defendant admits that he is, in fact, guilty of this offense and will so advise the Court.

<u>Elements of the Offenses</u>

2.      The elements of the offenses to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

Thomas Saunders, Esq.
September 26, 2011
Page 2 of 9

## Count One

On or about September 7, 2010, in the District of Maryland, the Defendant agreed with another individual:

  a.    to obtain property from another without that person's consent; and

  b.    do so by wrongful use of actual or threatened force, violence, or fear; and

  c.    as a result of the Defendant's actions, interstate commerce, or an item moving in interstate commerce, was actually or potentially delayed, obstructed, or affected in some way or degree.

## Count Two

On or about September 7, 2010, in the District of Maryland, the Defendant:

  a.    Possessed a firearm; and

  b.    The Defendant possessed the firearm in furtherance of a crime of violence for which he could be prosecuted in a court of the United States, that is, Conspiracy to Interfere with Interstate Commerce by Robbery, in violation of 18 U.S.C. § 1951; and

## Penalties

3.    The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows: Count One: twenty (20) years imprisonment; a $250,000 fine; and a period of supervised release of up to three (3) years; Count Two: life imprisonment (with a five-year mandatory minimum term of imprisonment consecutive to any other term of imprisonment imposed); a $250,000 fine; and a period of supervised release of up to five (5) years. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. §

---

[1]    Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

Thomas Saunders, Esq.
September 26, 2011
Page 3 of 9

3572(d), the Court orders otherwise.  The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release.  The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

<u>Waiver of Rights</u>

4.      The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

a.      If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel.  That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b.      If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community.  Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily.  All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count.  The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c.      If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt.  The Defendant would have the right to confront and cross-examine the government's witnesses.  The Defendant would not have to present any defense witnesses or evidence whatsoever.  If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

d.      The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify.  If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

e.      If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him.  By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

Thomas Saunders, Esq.
September 26, 2011
Page 4 of 9

f.    By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

g.    If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

h.    By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status.

<u>Advisory Sentencing Guidelines Apply</u>

5.    The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

<u>Factual and Advisory Guidelines Stipulation</u>

6.    This Office and the Defendant understand, agree and stipulate to the following Statement of Facts, which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

a.    Statement of Facts

On September 7, 2010, the Defendant, Jermaine Lawson, and two co-conspirators agreed to rob "Knockout Cuts By Kevin," a barbershop located at 1301 West Lombard Street in Baltimore, Maryland. Later that day, the Defendant entered the store with his two co-conspirators, one of whom was armed with a handgun, and all three co-conspirators robbed the employees and customers of cash and cellphones. Some of the money stolen from the employees represented the proceeds of the shop's operations. The handgun carried by one of the co-conspirators was possessed in furtherance of the robbery of the barbershop.

"Knockout Cuts By Kevin" is a business engaged in interstate commerce insofar as the supplies used by the shop are produced outside of the state of Maryland and insofar as

Thomas Saunders, Esq.
September 26, 2011
Page 5 of 9

customers travel to the store from outside of Maryland.  As a result of the robbery, interstate
commerce, or items moving in interstate commerce, were actually affected.

> b.    Guideline Stipulations

The parties stipulate and agree that as to Count One, the **base offense level is at
least 20** pursuant to U.S.S.G. § 2B3.1(a).

The parties further stipulate and agree that as to Count Two, the guideline
sentence for Possession of a Firearm in Furtherance of a Crime of Violence, is **60 months
imprisonment,** pursuant to U.S.S.G. § 2K2.4(b) and 18 U.S.C. § 924(c)(1)(A)(i).  The
Defendant understands that the sentence imposed for this offense must run consecutively to any
other sentence imposed by the Court for any other offense.

> c.    Acceptance of Responsibility

This Office does not oppose a two-level reduction in the Defendant's adjusted
offense level, based upon the Defendant's apparent prompt recognition and affirmative
acceptance of personal responsibility for his criminal conduct.   This Office agrees to make a
motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the
Defendant's timely notification of his intention to plead guilty. This Office may oppose *any*
adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item
in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements
about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United
States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f)
engages in any criminal conduct between the date of this agreement and the date of sentencing;
or (g) attempts to withdraw his plea of guilty.  Based on the foregoing, the Defendant's **adjusted
base offense level for Count One would be 17.**

7.    The Defendant understands that there is no agreement as to his criminal
history or criminal history category, and that his criminal history could alter his offense level if
he is a career offender or if the instant conduct was part of a pattern of criminal conduct from
which he derived a substantial portion of his income.

8.    Other than as set forth above, this Office and the Defendant agree that with
respect to the calculation of the advisory guidelines range, no other offense characteristics,
sentencing guidelines factors, or potential departures or adjustments set forth in the United States
Sentencing Guidelines will be raised or are in dispute.

Thomas Saunders, Esq.
September 26, 2011
Page 6 of 9

## Obligations of the United States Attorney's Office

9.    At the time of sentencing, this Office will recommend a sentence within the applicable guidelines range.

10.    The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

## Restitution

11.    The Defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses. The Defendant agrees that, pursuant to 18 U.S.C. §§ 3663 and 3663A and §§ 3563(b)(2) and 3583(d), the Court may order restitution of the full amount of the actual, total loss caused by the offense conduct set forth in the factual stipulation. The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement.

## Waiver of Appeal

12.    In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

a)    The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

b)    The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of

Thomas Saunders, Esq.
September 26, 2011
Page 7 of 9

restitution, and term or condition of supervised release),
except as follows: (i) as to Count One, the Defendant
reserves the right to appeal from any sentence above the
advisory guidelines range resulting from an adjusted base
offense level of **17**, and as to Count Two, the Defendant
reserves the right to appeal any term of imprisonment to the
extent that it exceeds **60 months** imprisonment,
consecutive to any term of imprisonment imposed on Count
One; and (ii) as to Count One, this Office reserves the right
to appeal from any sentence below the advisory guidelines
range resulting from an adjusted base offense level of **17**,
and as to Count Three, this Office reserves the right to
appeal any term of imprisonment to the extent that it is less
than **60 months** imprisonment, consecutive to any term of
imprisonment imposed on Count One

c)   Nothing in this agreement shall be construed to prevent the
Defendant or this Office from invoking the provisions of Federal
Rule of Criminal Procedure 35(a), or from appealing from any
decision thereunder, should a sentence be imposed that resulted
from arithmetical, technical, or other clear error.

d)   The Defendant waives any and all rights under the Freedom of
Information Act relating to the investigation and prosecution of the
above-captioned matter and agrees not to file any request for
documents from this Office or any investigating agency.

Obstruction or Other Violations of Law

13.   The Defendant agrees that he will not commit any offense in violation of
federal, state or local law between the date of this agreement and his sentencing in this case. In
the event that the Defendant (i) engages in conduct after the date of this agreement which would
justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal
responsibility for his conduct by failing to acknowledge his guilt to the probation officer who
prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local
law, then this Office will be relieved of its obligations to the Defendant as reflected in this
agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than
those stipulated in this agreement, and it will also be free to make sentencing recommendations
other than those set out in this agreement. As with any alleged breach of this agreement, this
Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful
behavior and/or failure to acknowledge personal responsibility by a preponderance of the

Thomas Saunders, Esq.
September 26, 2011
Page 8 of 9

evidence.  The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

<u>Court Not a Party</u>

14.    The Defendant expressly understands that the Court is not a party to this agreement.  In the federal system, the sentence to be imposed is within the sole discretion of the Court.  In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing.  The Defendant understands that upon the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence.  Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information.  The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above.  The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement.  The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive.  The Defendant agrees that no one has made such a binding prediction or promise.

<u>Entire Agreement</u>

15.    This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, along with the Sealed Supplement, constitutes the complete plea agreement in this case.  The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

Thomas Saunders, Esq.
September 26, 2011
Page 9 of 9

      If the Defendant fully accepts each and every term and condition of this letter, please sign and have the Defendant sign the original and return it to me promptly.

                Very truly yours,

                Rod J. Rosenstein
                United States Attorney

                By:_____/s/_____
                   Clinton J. Fuchs
                   Assistant United States Attorney

Thomas Saunders, Esq.
September 26, 2011
Page 10 of 9


      I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

_10/25/11_
Date

_Jermaine Lawson_
Jermaine Lawson


      I am Jermaine Lawson's attorney  I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

_10/25/11_
Date

_Thomas Saunders_
Thomas Saunders, Esq.